IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFANIE SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1034-C |
| ) | |
| HARTFORD INSURANCE CO., a/k/a ) | |
| CNA Group Life Assurance Co., et al., ) | |
| and SCHOLASTIC INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff filed the present action seeking to recover life insurance benefits. Plaintiff was the named beneficiary of a life insurance policy issued to Defendant Scholastic Inc. ("Scholastic") by Defendant Hartford Insurance Co. ("Hartford"). Scholastic provided life insurance to its employees as a benefit of employment. Mr. Kistler began employment with Scholastic on November 26, 2007. At some point, Mr. Kistler enrolled in Scholastic's life insurance plan naming Plaintiff as the sole beneficiary. Mr. Kistler died on December 15, 2007. Prior to his death, Mr. Kistler had worked a total of 20 days for Scholastic. Following Mr. Kistler's death, Plaintiff made a claim for benefits under the life insurance policy. Plaintiff's claim was denied because he had not worked the 30-day period required by the policy. Plaintiff appealed the denial and that appeal was denied. Plaintiff then initiated this action seeking to recover the benefits under the policy.

Defendants each filed a Motion for Summary Judgment asserting the undisputed facts entitle each of them to judgment. Plaintiff objects, arguing there are disputed material facts and the matter must be resolved by a jury.[*]

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case,

---

[*] The Court notes that Defendant Scholastic has filed a reply. Although the time for Defendant Hartford to file its reply has not yet passed, because the case is resolved in Defendants' favor, the Court will issue its ruling at this time.

but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

The Court has previously ruled that the benefit plan at issue here is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and that as a result there is no right to a jury trial. Thus, to the extent the Court finds facts are in dispute, a bench trial will be held to resolve those disputes.

It is undisputed that the policy at issue imposed a 30-day waiting period before an employee was eligible for benefits. It is likewise undisputed that Mr. Kistler had not satisfied this waiting period prior to his death. However, contrary to the terms of the policy, Scholastic's Human Resource Manager, Linda Ramsey, sent Plaintiff a form titled "Employer's Statement" which stated the policy was in force at the time of Mr. Kistler's death. The dispute now centers on whether Ms. Ramsey's actions were sufficient to modify the terms of the policy and entitle Plaintiff to benefits. The Court finds they were not and therefore no benefits are due under the policy.

Tenth Circuit precedent clearly forecloses any argument that Ms. Ramsey's oral statements could modify the plan. See Straub v. Western Union Tel. Co., 851 F.2d 1262, 1265 (10th Cir. 1988) ("[W]e hold that no liability exists under ERISA for purported oral modifications of the terms of an employee benefit plan."). As for the written statements –

whether it was the completed form or any e-mails Ms. Ramsey may have sent – the Court finds those statements are nothing more than informal communications. Again, the Tenth Circuit has squarely held that informal communications are insufficient to modify an ERISA plan. Miller v. Coastal Corp. 978 F.2d 622, 624 (10th Cir. 1992)("An employee benefit plan cannot be modified, however, by informal communications, Straub, 851 F.2d at 1265, regardless of whether those communications are oral or written, Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 59 (4th Cir.1992)."). There must be some indication in the writing of an intent to amend the plan. Allison v. Bank One-Denver, 289 F.3d 1223, 1236 (10th Cir. 2002). Requiring amendments to be formal in nature protects the interest of ERISA and the participants in the plan by ensuring that all persons are aware of changes to the plan. See Miller, 978 F.2d 624-25.

Plaintiff argues that Defendants should be estopped from denying coverage because she relied on Ms. Ramsey's statements to her detriment and the plan language is ambiguous. This argument also fails as, even if the Court accepts Plaintiff's arguments regarding the ambiguity of the plan, the purportedly ambiguous portions played no role in the benefit determination. The policy language regarding the 30-day period is clear and unambiguous; thus Ms. Ramsey's statements cannot be seen as interpretations of the plan.

Finally, Plaintiff argues that Ms. Ramsey's actions amounted to a breach of fiduciary duty. This claim fails for two reasons. First, as Defendant Hartford notes, Plaintiff's claim is foreclosed because the relief she seeks is compensatory in nature and ERISA does not afford that type of relief for breach of fiduciary duty claims. See Callery v. U.S. Life Ins. Co. in City of New York, 392 F.3d 401, 405 (10th Cir. 2004) (recognizing that when the relief sought is

essentially the same as that available under the Plan, it is not equitable in nature and therefore foreclosed).  Second, Plaintiff has failed to provide any evidence that Ms. Ramsey knowingly misled Plaintiff about the availability of benefits.  Indeed, Ms. Ramsey's statements following the denial of benefits make clear she was as surprised as Plaintiff about Mr. Kistler's ineligibility.  See Burke v. Latrobe Steel Co., 775 F.2d 88, 91 (3rd Cir. 1985):

> [A] pensioner does not establish a violation of fiduciary duty simply by showing that the administrator did not follow the terms of the plan.  If such action is undertaken pursuant to a good faith, albeit erroneous, interpretation, ERISA's fiduciary provisions are not violated.  To establish liability, willful or bad faith conduct must be proved.

cited with approval by Morgan v. Independent Drivers Association Pension Plan, 975 F.2d 1467, 1470 (10th Cir. 1992).  Thus, Plaintiff's claim for breach of fiduciary duty fails and Defendants are entitled to judgment on this claim.

As set forth more fully herein, the undisputed material facts demonstrate that Defendants are entitled to judgment.  Accordingly, the Motion for Summary Judgment of Defendant, Scholastic Inc. (Dkt. No. 35) and Defendant Hartford Life Insurance Company's Motion for Summary Judgment (Dkt. No. 37) are GRANTED.  All other pending motions are STRICKEN as moot.  A separate judgment shall issue.

IT IS SO ORDERED this 28th day of August, 2009.

ROBIN J. CAUTHRON
United States District Judge